Filed 5/5/22  P. v. Xiong CA5
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>YENG XIONG,<br><br>  Defendant and Appellant. | F079367<br><br>(Super. Ct. No. SUF16461B)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen, Louis M. Vasquez, Lewis A. Martinez, Christina Simpson, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Poochigian, Acting P. J., Peña, J. and Smith, J.

**INTRODUCTION**

Defendant Yeng Xiong was convicted of attempted murder and discharging a firearm at an occupied motor vehicle. Following the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a petition for resentencing pursuant to Penal Code section 1170.95, asserting he was entitled to resentencing under the new laws. (Undesignated statutory references are to the Penal Code.) The court denied defendant's petition, concluding he was categorically ineligible for relief because he was not convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. Defendant appealed the denial of his petition and we previously affirmed the trial court's order, concluding defendant was ineligible for relief from his attempted murder conviction because the plain language of section 1170.95, subdivision (a) limited relief to persons convicted of felony murder or murder under a natural and probable consequences theory.

Defendant petitioned for review. The California Supreme Court granted and held the petition and deferred action pending its consideration and disposition in *People v. Lopez*, S258175. It then transferred the case back to us with directions for our court to vacate our decision and reconsider the cause in light of Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Defendant now argues he is entitled to relief from his attempted murder conviction in light of the developments in the law. The People disagree, arguing defendant's petition was properly denied because he was convicted under a still valid theory.

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1992, a jury convicted defendant of attempted murder (§§ 664, 187) and discharging a firearm at an occupied vehicle (§ 246). The jury also found true an

2.

allegation that defendant was armed with a firearm during the commission of the attempted murder.[1]

In 2019, defendant petitioned the court for resentencing pursuant to section 1170.95. He attached a declaration in which he stated a charging document had been filed against him allowing the prosecution to proceed under a theory of premeditated attempted murder under the natural and probable consequences doctrine; at trial, he was convicted of premeditated attempted murder pursuant to the natural and probable consequences doctrine; and he could not now be convicted of premeditated attempted murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437) because he "was the driver and not the actual shooter," and the "perpetrator was never convicted." He also requested the court appoint counsel for him during the resentencing process.

The court denied defendant's petition, reasoning he "was not convicted of murder. He was convicted of attempted murder. As such, his conviction does not qualify under the new law."

## DISCUSSION

Defendant challenges the denial of his petition for resentencing. We reverse the court's denial order and remand the matter to the trial court with directions that it appoint defendant counsel, issue an order to show cause, and hold an evidentiary hearing in accordance with subdivision (d) of section 1170.95.

## I. Senate Bill 1437 and Senate Bill 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder

---

[1]We previously granted the People's motion asking that we take judicial notice of our prior unpublished opinion in this matter pursuant to Evidence Code sections 452, subdivision (a), and 459, subdivision (a).

liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1170.95, which provides a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law

would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1170.95 permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4, subd. (a).)

Pursuant to Senate Bill 775, effective January 1, 2022, the Legislature amended the language of section 1170.95 to expand the scope of the petitioning procedure in part to defendants convicted of "attempted murder … under … the natural probable consequences doctrine." (Stats. 2021, ch. 551, § 1, subd. (a).) The legislation also clarified some of the procedural requirements in the statute.

Pursuant to amended section 1170.95, upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1170.95, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*)

Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) At the hearing. the burden of proof is on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under the amended laws. (§ 1170.95, subd. (d)(3).)

5.

The admission of evidence at the evidentiary hearing "shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) "The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

## II. Analysis

In the initial appeal from the denial of his section 1170.95 petition, defendant argued the petitioning procedure provided for in former section 1170.95 should be extended to defendants convicted of attempted murder based on the natural and probable consequences doctrine. He also argued he had the right to be personally present and represented by counsel at a hearing on his petition. In our initial opinion, we rejected defendant's arguments and concluded he was categorically ineligible for relief from his attempted murder conviction based on the plain language of former section 1170.95.

Following the California Supreme Court's transfer of this case back to our court, defendant now asserts Senate Bill 775 was an ameliorative change in the law that should apply retroactively. He argues his petition was facially valid and the record of conviction did not show he was ineligible for relief as a matter of law. Accordingly, he contends the matter should be remanded and the trial court should be directed to issue an order to show cause under section 1170.95, subdivision (c), and to hold an evidentiary hearing. The People concede Senate Bill 775 applies retroactively, but they respond the record establishes defendant was convicted of attempted murder under a still valid theory. They

6.

concede the jury was instructed on the natural and probable consequences doctrine, but they assert defendant was necessarily convicted as a direct aider and abettor. They argue "the record shows that the prosecutor relied on a direct aiding and abetting theory of liability, and not a natural and probable consequences theory of liability," citing to the prosecutor's closing argument. They also argue the jury "determined that [defendant] committed first degree attempted murder" and that the offense was "'willful, deliberate and premeditated.'" They further contend defendant's codefendant was not convicted of attempted murder, so the jury could not have convicted defendant based on an imputed mental state without finding defendant personally harbored the necessary intent. Accordingly, they argue any error in the trial court's failure to appoint defendant counsel before denying his petition was, thus, harmless because he is ineligible for relief.[2] We agree with defendant the record does not rebut the allegations in his petition and establish he is ineligible for relief as a matter of law. Accordingly, we reverse the court's order denying the petition and remand for further proceedings.

Following the issuance of our initial opinion, the California Supreme Court issued its decision in *Lewis* in which it condoned the trial court's use of the record of conviction in concluding whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95. (*Lewis*, *supra*, 11 Cal.5th at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly

---

[2]In a separate motion, the People ask us to take judicial notice of the clerk's transcript and volume two of the reporter's transcript from defendant's trial. Defendant filed a separate motion asking our court to vacate submission of the cause to allow him an opportunity to file a reply brief and to respond to the request for judicial notice or, alternatively to deny the request for judicial notice. Because it is not necessary to take judicial notice of the referenced documents in rendering our disposition on appeal, we deny the People's request for judicial notice. (See *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [court may not take judicial notice of any matter that is irrelevant].) Accordingly, we also deny as moot the defendant's motion to vacate submission and to allow him to file a supplemental reply brief or, alternatively, deny respondent's request for judicial notice.

meritless"].) The *Lewis* court cautioned that the prima facie inquiry under subdivision (c) of section 1170.95 is "limited," and "'[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" "'However, if the record including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis*, at p. 971.) The *Lewis* court also held, a petitioner "'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id.* at p. 974.)

Here, defendant filed a facially valid petition for relief under the current version of section 1170.95. And, contrary to the People's argument, we cannot conclude the record of conviction establishes defendant is ineligible for relief from his attempted murder conviction as a matter of law. First, that the jury concluded the attempted murder was willful, deliberate, and premeditated does not, on its own, establish defendant could not have been convicted under the natural and probable consequences doctrine. (See *People v. Favor* (2012) 54 Cal.4th 868, 879 ["Because section 664(a) 'requires only that the attempted murder itself was willful, deliberate, and premeditated' [citation], it is only necessary that the attempted murder 'be committed by one of the perpetrators with the requisite state of mind'"].) And even if we were to assume, arguendo, the prosecutor's closing argument is a part of the record of conviction that may appropriately be relied upon at the prima facie stage, it is undisputed the jury in defendant's case was instructed on the natural and probable consequences doctrine. Thus, they could have convicted defendant under this theory regardless of whether the prosecutor emphasized it in argument. (See *People v. Perez* (1992) 2 Cal.4th 1117, 1126 ["It is elementary … that the prosecutor's argument is not evidence and the theories suggested are not the exclusive theories that may be considered by the jury"].) And the record of conviction does not

8.

establish, as a matter of law, that the jury convicted defendant as a direct aider and abettor who acted with the intent to kill.

Furthermore, the jury's failure to convict codefendant Seng Lor of attempted murder does not compel the conclusion the jury necessarily found defendant was convicted as a direct aider and abettor who acted with the intent to kill. "The law generally accepts inconsistent verdicts as an occasionally inevitable, if not entirely satisfying, consequence of a criminal justice system that gives defendants the benefit of a reasonable doubt as to guilt, and juries the power to acquit whatever the evidence." (*People v. Palmer* (2001) 24 Cal.4th 856, 860.) At this preliminary stage of the process, we cannot infer from the verdict as to Lor that the jury accepted any given theory of guilt as to defendant.

Rather, because defendant has made a prima facie showing he is entitled to relief under section 1170.95, and the record of conviction does not show him to be ineligible as a matter of law, the trial court's summary denial of his petition must be reversed. (*Lewis, supra*, 11 Cal.5th at pp. 971–972.) The matter is therefore remanded to the trial court with directions that it appoint defendant counsel, issue an order to show cause, and hold an evidentiary hearing in accordance with subdivision (d) of section 1170.95.

## DISPOSITION

The court's order denying defendant's section 1170.95 petition for resentencing is reversed and the matter is remanded for further proceedings consistent with this opinion.

9.